UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MACY'S INC.,                                                                                          _____ cv _____

                                            Plaintiff,

                  -against-                                                              **COMPLAINT**

VANLINER INSURANCE COMPANY AND HOME
DELIVERY LINK, INC.,

                                        Defendants.
----------------------------------------------------------------------- X

      Plaintiff Macy's, Inc. ("Macy's") by its attorneys Herzfeld & Rubin, P.C., as and for its Complaint against Vanliner Insurance Company ("Vanliner"), and Home Delivery Link, Inc. ("HDL"), alleges upon information and belief, as follows:

### INTRODUCTION

      1.      As to defendant Vanliner, this is an insurance coverage dispute. Macy's, as the insured, brings this declaratory judgment to determine the rights, obligations and responsibilities of the parties for insurance coverage pursuant to Commercial General Liability Policy, policy number PKV 0000383-01 issued by Vanliner Insurance Company to defendant HDL and to Macy's as additional insured, with respect to a defense and indemnification for the claims against Macy's arising out of an underlying action entitled *Amilcar Javier Lagos v. Macy's Inc., Uline, John Doe 1-100 (a fictitious name representing unknown individuals), ABC Corporations 1-100 (fictitious names representing unknown corporations), Richard Roes 1-100 ( a fictitious name representing unknown distributors and manufacturers), Retailers And Manufacturers Distribution Marketing Service, Inc.*, Docket No.: UNN- L-1180-19, pending in the New Jersey Superior Court, Union County

(hereinafter referred to as the "underlying action" or the "Lagos action"). A copy of the Second Amended Complaint in the Lagos action is annexed hereto as Ex. "A."

2.      As against defendant HDL, Macy's asserts a breach of contract claim to the extent HDL failed to procure proper insurance for Macy's as required under a Transfer and Deliver Agreement dated November 1, 2014 (hereinafter referred to as the "Agreement"), seeking recovery of all damages that Macy's may be required to pay to plaintiff in the underlying Lagos action to the extent, if any, not covered by the Vanliner insurance policy.

## JURISDICTION, VENUE AND THE PARTIES

3.      Macy's is a Delaware corporation with its principal place of business in located at 151 W. 34th Street, New York, New York, 10001.

4.      Defendant Vanliner is a Missouri insurance corporation with its principal place of business located in St. Louis, Missouri and is licensed and transacts business in the States of New York and New Jersey.

5.      Defendant HDL is a California corporation, with its principal place of business located in San Juan Capistrano, California and does business in the States of New York and New Jersey.

6.      This declaratory judgment action against defendant Vanliner is brought pursuant to 28 U.S.C. 2201 *et seq.* to determine the rights, obligations and responsibilities arising out of a Commercial General Liability Policy, policy number PKV 0000383-01 (the "Policy") which was issued to defendant HDL by defendant Vanliner, and under which Macy's is an additional insured, with respect to indemnity and defense of Macy's for the underlying Lagos action. A copy of the Policy is attached hereto as Exhibit "B".

7.      There is diversity jurisdiction between the parties pursuant to 28 U.S.C. §1332.

8.      The amount in controversy exceeds seventy five thousand ($75,000) dollars.

9.      HDL and Macy's Logistics and Operations, a Division of Macy's Corporate Services, Inc. ("Logistics"), entered into an agreement dated November 1, 2014 whereby HDL would render certain logistics services to Logistics (hereinafter the "Transfer and Delivery Agreement"). A copy of the Transfer and Delivery Agreement is attached hereto as Exhibit "C."

10.     Venue is based on a forum selection clause contained in ¶ 27 of the Transfer and Delivery Agreement which states: "The Agreement and all matters and/or disputes arising thereunder shall be governed by the laws of the State of New York without reference to any doctrine as to choice or conflict of laws. For purposes of the Agreement, each party consents to the personal jurisdiction of, and agrees that all disputes arising hereunder shall be brought before a New York State Court or the Federal District Court of the Southern District of New York."

11.     Pursuant to Paragraph 20 of the Transfer and Delivery Agreement, HDL is obligated to contractually indemnity Macy's as follows:

20. **INDEMNIFICATION**

> A. TO THE FULLEST EXTENT PERMITTED BY LAW, BROKER SHALL PROTECT, INDEMNIFY, HOLD HARMLESS AND DEFEND LOGISTICS, MACY'S AND LOGISTICS' AFFILIATES AND ITS RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, INSURERS, AGENTS, SUCCESSORS AND ASSIGNS (COLLECTIVELY, "LOGISTICS INDEMNITEES," WHICH INCLUDE LOGISTICS AND MACY'S), FROM AND AGAINST ALL SUITS, DAMAGES, CLAIMS (WHETHER OR NOT

MERITORIOUS), LOSSES, AWARDS, COSTS AND EXPENSES (INCLUDING REASONABLE COUNSEL FEES AND EXPENSES), WITHOUT REGARD TO WHETHER INCURRED TO CONTEST, SETTLE OR SATISFY ANY OF THE FOREGOING (EACH A "CLAIM") IF RELATED TO, ARISING FROM OR ALLEGED TO HAVE ARISEN WITH RESPECT TO BROKER'S PERFORMANCE OR THAT OF ANY OF ITS CARRIERS WHILE PERFORMING SERVICES IN RELATION TO THIS AGREEMENT HEREUNDER, INCLUDING A VIOLATION OF ANY APPLICABLE LAW OR NEGLIGENT ACT OR OMISSION; PROVIDED HOWEVER, NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THAT ANY INDEMNIFICATION HEREUNDER MAY BE REDUCED OR NEGATED TO THE EXTENT OF ANY DETERMINED NEGLIGENCE, TORTIOUS OR WILLFUL MISCONDUCT OF ANY LOGISTIC'S INDEMNITEE, OR ANY APPLICABLE INSURANCE PAID TO ANY LOGISTIC'S INDEMNITEES EXCEPT FOR ANY AMOUNTS PAID OUT TO AN EMPLOYEE OF LOGISTICS OR MACY'S…

12.     In addition, pursuant to Paragraph 21 of the Transfer and Delivery Agreement, HDL was also obligated to obtain Commercial General Liability Insurance for Macy's as follows:

21. **BROKER INSURANCE.**

  A. [HDL] agrees to provide and maintain, at its sole cost and expense, for the duration of this Contract and cause each of its Carriers to maintain, the required policies of insurance, in the forms, and with minimum limits and coverage terms, as set forth below…

   i. Commercial General Liability Insurance: $1,000,000 each occurrence, $2,000,000 general aggregate, $1,000,000 personal and advertising injury, $1,000,000 products/completed operations aggregate. … There shall be no exclusion, limitation nor endorsement contained in the policy that serves to restrict or limit Contractual Liability coverage or Complete Operations coverage.

   \*     \*     \*

   vi. Umbrella Excess Liability: $4,000,000 each Occurrence, with the Employer's Liability, Commercial General Liability, and Business

4

>>Auto Liability coverages described herein appearing as Scheduled Underlying policies…. The policy shall be in a following form or a form at least as broad as the required underlying policies.
>
> B. Further, with regard to each of the aforementioned insurance policies:
>
>> i. [HDL] shall name Logistics, MACYS, and their subsidiaries and divisions, affiliates, directors, officers, agents, and employees as Additional Insureds under the Commercial General Liability and (if required Auto Liability policies, and following form on the Excess Umbrella policy. … The Additional Insured endorsement shall have no added exclusions or limitations of coverage to the limits of liability contractually required; or percentage of negligence attributed to the named insured.

13. Vanliner issued a Commercial General Liability Policy number PKV 0000383-01 to HDL for the period from May 7, 2016 to July 1, 2017 (hereinafter "the Vanliner Policy").

14. The Vanliner Policy included insurance coverage for Macy's as an additional insured.

15. The Vanliner policy included coverage for Macy's including the Macy's Distribution Center located in Edison, New Jersey.

**BACKGROUND**

16. In or around July 30, 2020, Macy's was served with a Summons and Complaint in the underlying Lagos action from counsel for plaintiff Amilcar Javier Lagos ("Lagos"). Thereafter, Macy's counsel was served with a Second Amended Complaint, a copy of which is annexed as Exhibit "A" hereto.

17. According to the Second Amended Complaint, Lagos fell and sustained severe personal injuries at Macy's Raritan Distribution Center in Edison, New Jersey on June 17, 2017, while he was moving a king size mattress onto a truck utilizing a Uline ramp

and a dolly supplied by persons at the facility, and that his injuries were the result of negligence on the part of Macy's, HDL and others.

18. In discovery responses, Lagos alleges that he was employed by Freddy's Trucking, Inc., a sub-contractor for HDL, at the time of the accident. (Lagos Response to NJ Form Interrogatories No. 10, attached hereto as Exhibit "D.")

19. On March 17, 2021 Macy's, by its counsel, wrote to HDL seeking indemnity, insurance coverage and defense under the Transfer and Delivery Agreement, and requesting that HDL forward the letter to its insurance carrier. A copy of the letter to HDL seeking defense and indemnity is attached hereto as Exhibit "E".

20. On February 14, 2022 Macy's wrote to Vanliner seeking indemnity and defense under Commercial General Liability Policy No. PKV 0000383-01 and/or for such other and further applicable policies of insurance covering Macy's. A copy of the letter to Vanliner seeking indemnity and defense is attached hereto as Exhibit "F."

21. On February 14, 2022 Macy's wrote to HDL renewing its request for indemnity and defense under Commercial General Liability Policy No. PKV 0000383-01 and/or for such other and further applicable policies of insurance covering Macy's. A copy of the letter to HDL renewing its request for indemnity and defense is attached hereto as Exhibit "G."

22. By letter dated April 8, 2022 Vanliner responded to Macy's, acknowledging receipt of the March 17, 2021 and February 14, 2022 tender letters. In its letter Vanliner stated that it determined that Macy's qualifies as an additional insured, but only with respect to liability for "bodily injury "caused in whole or in part, by HDL's acts or omissions." The letter further stated that:

>"Therefore, Vanliner accepts your tender of defense and indemnity of Macy's subject to a reservation of rights. Vanliner reserves the right to disclaim coverage if it is determined Macy's was solely negligent. Vanliner also reserves the right to reduce any indemnification payment to the extent of any negligence, tortious, or willful misconduct of Macy's in accordance with the indemnification provision of the Agreement."

A copy of Vanliner's letter, hereinafter referred to as Vanliner's "Reservation of Rights letter" is attached hereto as Exhibit "H."

23. In the Reservation of Rights letter, Vanliner cites to Blanket Additional Insured Endorsement Commercial General Liability Coverage Part as follows:

>**SECTION II- WHO IS AN INSURED** is amended to include, as an additional insured, any person, or organization whom you are required to add as an additional insured on this policy under a written contract, agreement, or permit. Such a written contract, agreement or permit must be:
>
>>f. Currently in effect or becoming effective during the coverage term of the policy; and
>>
>>g. Executed prior to any "bodily injury", "property damage" or "personal and advertising injury" associated with the named insured.
>
>The insurance provided to this additional insured is limited as follows:
>
>1. That person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or personal and advertising injury" caused in whole, or in part, by:
>
>>a. Your acts or omissions; or
>>b. The acts or omissions of those acting on your behalf.
>
>    *   *   *
>
>3. Coverage is not provided for "bodily injury", "property damage" or "personal and advertising injury" arising out of the sole negligence of the additional insured."

24. Under the Vanliner Policy's Blanket Additional Insured Endorsement Commercial General Liability Coverage Part, "SECTION II- WHO IS AN INSURED", Macy's is an additional insured for any bodily injuries to plaintiff in the Lagos action caused, in whole or in part, by HDL or those acting on its behalf, including its contractor Freddy's Trucking.

25. Under its reservation of rights letter, Vanliner improperly seeks to rely upon the indemnification portion of the Transfer and Delivery Agreement between HDL and Logistics in order to reduce the amount of any insurance payment by the percentage of any negligence found attributable to Macy's, if any, in the underlying *Lagos* action as follows: "[o]n behalf of HDL, Vanliner reserves the right to reduce any indemnification payment to the extent of any determined negligence, tortious or willful misconduct of Macy's." See Exhibit "H".

26. Vanliner is not a party to the Transfer and Delivery Agreement.

27. Vanliner's attempt to reply upon the indemnity provision between HDL and Logistics is not a proper basis upon which to issue a reservation of rights to Macy's.

28. Vanliner is prohibited under New Jersey law from seeking to subrogate to the supposed rights of HDL against Macy's (Vanliner's additional insured) should any degree of negligence be found against Macy's in the Lagos action.

**FIRST CAUSE OF ACTION AGAINST VANLINER**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if they were fully set forth here at length herein.

30. Notwithstanding the terms of the policies issued by Vanliner, it has failed to accept the defense and indemnity of Macy's in the underlying suit without reservation.

31. In view of such failure to provide a defense/indemnification without reservation, a justiciable controversy now exists between Macys and Vanliner, and as to which Macy's has no adequate remedy at law.

32. As a consequence of the aforesaid, Macy's now seeks from this Court a declaratory judgment declaring the rights and legal relations of the parties, said judgment to declare, inter alia: (a) that Vanliner is, as to its specified policy of insurance, or such other policy it may have issued to HDL with Macy's as an additional insured, obligated to defend/indemnify Macy's as to the claims made in the underlying action without reduction premised on the extent of Macy's negligence, if any, aside from "sole negligence" under the terms of the Policy; (b) that Macy's be awarded attorneys' fees, and costs and disbursements of this action; and (c) such other and further relief as to this Court is just and proper.

## SECOND CAUSE OF ACTION AS AGAINST HDL

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if they were fully set forth here at length herein.

34. The Transfer and Delivery Agreement between Logistics and HDL at Paragraph 21(B)(i) prohibits an exclusion or limitation in coverage based on a percentage of negligence attributed to HDL as follows: "Additional Insured Endorsement [which HDL was obligated to purchase for Macy's] shall have no added exclusions or limitations of

coverage to the limits of liability contractually required; or percentage of negligence attributed to the named insured."

35. To the extent that the Vanliner Policy has added exclusions or limitations of coverage "to the limits of liability contractually required; or percentage of negligence attributed to the named insured," then HDL has failed to provide proper insurance to Macy's and has breached its obligations under the Transfer and Delivery Agreement.

36. Under the Transfer and Delivery Agreement at Paragraph 21(A)(i), HDL was obligated to purchase insurance naming Macy's as an additional insured and that "There shall be no exclusion, limitation nor endorsement contained in the policy that serves to restrict or limit Contractual Liability coverage or Completed Operations coverage."

37. To the extent that the Vanliner policy excludes, limits or serves to restrict its contractual liability coverage for Macy's for the Lagos action, then HDL has failed to provide proper insurance to Macy's and has breached its obligations under the Transfer and Delivery Agreement.

38. As a result of the breach of contractual obligations of Vanliner, Macy's has suffered and continues to suffer damages.

**WHEREFORE**, upon the foregoing, Macy's demands judgment:

1. On the First Cause of Action, a judgment declaring the rights and legal relations of the parties, said judgment to declare: (a) that the portion of Vanliner's reservation of rights seeking to limit its obligation to defend and indemnify Macy's for the percentage of negligence for which Macy's may be found in the Lagos action based on the indemnification agreement in the Transfer and Delivery Agreement between Macy's and HDL is erroneous, and that there is no limitation for a percentage of Macy's negligence aside from "sole

negligence" under the terms of the Policy; (b) that Macy's is entitled to be awarded attorneys' fees, and costs and disbursements of this action; and, (c) such other and further relief as this Court deems just and proper.

2.  On the Second Cause of Action, declaring that HDL is required to reimburse Macy's for all sums which Macy's may be obligated to pay in the Lagos underlying action which are not covered by the Vanliner policy and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 14, 2022

> HERZFELD & RUBIN, P.C.
>
> By: *Maureen Doerner Fogel*
> Maureen Doerner Fogel (MDF-0989)
> *Attorneys for Plaintiff Macy's Inc.*
> 125 Broad Street, 12th Floor
> New York, New York 10004
> (212) 471-8500